UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDVARD PIRALYAN,<br><br>                Plaintiff,<br><br>    v.<br><br>FERETI SAMAIA, et al.,<br><br>                Respondents. | Case No. 5:26-cv-00001-SRM-RAO<br><br>**ORDER DENYING THE PRELIMINARY INJUNCTION AS MOOT AND ORDER TO SHOW CAUSE [14]** |

On January 13, 2026, the Court granted Petitioner Edvard Piralyan's ("Petitioner") *Ex Parte* Application for Temporary Restraining Order ("TRO Order"). *See* Dkt. 12. The Court ordered Respondents to immediately release Petitioner from immigration custody and temporarily enjoined them from "revoking Petitioner's release without adequate notice and from detaining him without a prompt informal interview." *Id.* at 3. The Court also ordered Respondents to show cause by January 20, 2025, why a preliminary injunction should not issue. *Id.*

On January 20, 2026, Respondents filed their Response to Order to Show Cause re: Preliminary Injunction. *See* Dkt. 14. Respondents argue a preliminary injunction should not issue because "Petitioner has received the relief sought and is no longer in immigration custody, there is no further relief that this Court can provide." *Id.* at 2. They

also contend that Petitioner's request to be immediately released from immigration detention is moot in light of the TRO Order. Dkt 14 at 2–4. Respondents request that the Court issue an order to show cause regarding dismissal. *Id*. at 4. Petitioner did not file a response.

Federal Rule of Civil Procedure 65(a) governs preliminary injunctions. "The 'purpose of a preliminary injunction is to preserve the status quo ante litem pending a determination of the action on the merits.'" *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1024 (9th Cir. 2016) (quoting *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009)). To obtain a preliminary injunction, the movant must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

However, a denial of a preliminary injunction on the basis of mootness is warranted "[w]hen interim relief or events have deprived the court of the ability to redress the party's injuries." *United States v. Alder Creek Water Co.*, 823 F.2d 343, 345 (9th Cir. 1987). Courts have an obligation to consider mootness *sua sponte*, and should deny requested relief where it is superfluous. *In Re Burell*, 415 F.3d 994, 997 (9th Cir. 2005). Here, Petitioner requested immediate release from custody. Dkt. 5 at 25. The relief sought by Petitioner has been provided by Court granting the TRO. Dkt. 12. The Court therefore finds the preliminary injunction is moot.

///
///
///

1  Accordingly, the Court **DENIES AS MOOT** the preliminary injunction and
2  **VACATES** the hearing scheduled for January 27, 2026. The Court **ORDERS** Petitioner
3  **TO SHOW CAUSE** in writing as to why the entire case should not be dismissed as moot
4  on or before February 3, 2026. Respondents shall thereafter respond on or before
5  February 10, 2025. Petitioners will have until the end of day on February 13, 2026, to
6  reply to Respondent's response. No hearing will be held.
7      **IT IS SO ORDERED.**

Dated: January 26, 2026

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE