**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDVARD PIRALYAN,<br>Petitioner,<br>v.<br>FERETI SEMAIA, et al.,<br>Respondents. | Case No. 5:26-cv-00001-SRM-RAO<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT** |

On January 7, 2026, Edvard Piralyan ("Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and an Ex Parte Application for a Temporary Restraining Order ("TRO"), seeking his immediate release pending adjudication of his habeas petition. Pet. Writ Habeas Corpus ("Pet."), Dkt. No. 5;[1] Ex Parte App. TRO, Dkt. No. 6. On January 13, 2026, the Court granted the TRO and ordered Respondents to "immediately release Petitioner from immigration custody." Order Granting TRO, Dkt. 12. The next day, Respondents released Petitioner

[1] Petitioner filed an initial petition on January 1, 2026, and a second on January 7. *See* Dkt. Nos. 1, 5. The Court treats the latter filing as the operative Petition.

from custody under an order of supervision. Resp't's Supp. Notice 2, Dkt. No. 13.

Following the TRO, Respondents asserted that Petitioner's release mooted the need for a preliminary injunction. Resp't's Resp. O.S.C. 2, Dkt. No. 14. The Court agreed and ordered Petitioner to show cause why his case should not be dismissed as moot. Order Denying Prelim. Inj. & O.S.C. 3, Dkt. No. 15. Petitioner contends that his case still presents a live controversy because Respondents attempted to violate the TRO and they might illegally re-detain him. Pet'r's Resp. O.S.C. 4, Dkt. No. 18.

A case becomes moot when it "no longer present[s] a case or controversy" such that an Article III court can no longer afford the requested relief. *Abdala v. I.N.S.*, 488 F.3d 1061, 1063 (2007) (alteration in original). For a habeas petition to remain a live controversy after a detainee is released, the detainee must point to some remaining "collateral consequence" that a court can redress by granting the petition. *Id.* at 1064 (citation omitted). Otherwise, the petition is "fully resolved by release from custody" and the court has no jurisdiction to hear the case. *Id.* at 1065.

Here, Petitioner points to no collateral consequence of his release. He requested immediate release, and immediate release is what the TRO provided. *See* Pet. at 25; Order Granting TRO. Therefore, successful resolution of his habeas petition can no longer afford the requested relief. *See Mejia v. Semaia*, No. 5:25-cv-01987-SPG-AGR, 2025 WL 2633165, at *2 (C.D. Cal., Aug. 21, 2025) ("[I]f release from custody fully resolves the claims raised in a habeas petition, the claims are indeed moot.").

Petitioner's contention that the case still presents a live controversy is belied by his own declaration. *See* Pet'r's Supp. Decl. ISO Pet. ("Piralyan Decl."), Dkt. No. 18-1. Petitioner's counsel warned Respondents that they would violate the TRO if they imposed more restrictive release conditions than pre-existed detention. Piralyan Decl. ¶ 5. Respondents relented and were correct to point out that they could enforce those conditions when the TRO expired. Piralyan Decl. ¶¶ 6–7. Further, absent from Petitioner's encounter with Respondents is any suggestion that they would unlawfully attempt to re-detain him, Piralyan Decl. ¶¶ 4–10, making his fear "speculative and hypothetical." *See Hernandez Trujillo v. Janecka*, No. ED CV 25-3002 FMO (SSC), 2026 WL 84314, at *1 (C.D. Cal. Jan. 12, 2026) (quoting *Alam v. Carter*, 843 F. App'x 953, 954 (9th Cir. 2021)). If Respondents do unlawfully attempt to re-detain Petitioner, he can seek relief at that time.

For the reasons set forth above, the Petition is denied as moot and this action is dismissed without prejudice.

DATED: October 26, 2026

HONORABLE SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE